UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREBAS,<br><br>  Petitioner,<br><br>  v.<br><br>BRANDON PRICE, Executive Director,<br><br>  Respondent. | Case No. 1:17-cv-00265-MJS (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION AS MOOT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(ECF Nos. 1, 13)**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

Petitioner is a former civil detainee proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Respondent Brandon Price, Executive Director of Coalinga State Hospital, is represented by Tami M. Krenzin of the Office of the Attorney General for the State of California. The parties have consented to Magistrate Judge jurisdiction for all purposes. (ECF Nos. 9, 19.)

For the reasons set forth below, the petition will be dismissed as moot.

**I.   Procedural History**

Petitioner initiated this action on February 16, 2017. (ECF No. 1 at 13.) In the petition, he contends that he is confined at Coalinga State Hospital in violation of his

1 | constitutional rights because there is no longer any medical basis to support his commitment. His argument appears to be premised primarily on an August 31, 2016 Forensic Report from the Department of State Hospitals, recommending that Petitioner not remain civilly committed.

On March 10, 2017, Petitioner filed a notice of change of address to a non-custodial address. (ECF No. 7.) On June 21, 2017, Respondent moved to dismiss the petition as moot on the ground Petitioner had been released from custody and therefore could no longer be afforded any relief in this habeas action. (ECF No. 13.)

On July 10, 2017, Petitioner filed "objections" to the motion. (ECF No. 15.) Therein, he stated that he had received Respondent's notice of lodging documents in support of the motion to dismiss, but had not received the motion itself. Petitioner, assuming that the motion to dismiss argued that the petition was moot, argued that the petition presented an issue of importance to state taxpayers and other detainees.

On July 13, 2017, the Court ordered Respondent to re-serve the motion on Petitioner and afforded Petitioner an additional thirty days to file a response. (ECF No. 16.) However, Petitioner did not file a response and the time to do so has passed. The matter is submitted. Local Rule 230(*l*).

**II.     Mootness**

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. Id. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098. (9th Cir. 2000). When, because of intervening events, a court cannot

give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court. See id. An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the sentence has expired, however, some "collateral consequence" of the conviction must exist if the suit is to be maintained and not considered moot. Id. Courts do not presume a collateral consequence exists from an SVPA commitment. Therefore, Petitioner must demonstrate a collateral consequence to defeat a mootness challenge. See Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1073-74, 1074 n.4 (9th Cir. 2005).

**III. Analysis**

It is undisputed that Petitioner is no longer in the custody of the Department of State Hospitals. (ECF Nos. 7, 13, 15.) He has not alleged any collateral consequence arising from his commitment. Moreover, he does not seek relief in relation to the commitment or recommitment petitions themselves. He argues merely that he was not released when he believes he should have been under the law. He since has been released, and therefore has been afforded the only relief that would appear to have been available to him in this action. The Court concludes that the action is moot and must be dismissed.

**IV. Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that

1. Respondent's motion to dismiss is GRANTED;
2. The petition is dismissed as moot;

3

3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further; and

4. The Clerk of Court is directed to terminate any pending motions and close the case.

IT IS SO ORDERED.

Dated:  August 21, 2017                /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE